J-S14035-21

2021 PA Super 186

| | | |
|---|---|---|
| C.H.Z. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.J.Y. | : | |
| | : | |
| Appellant | : | No. 1517 MDA 2020 |

Appeal from the Order Entered November 2, 2020
In the Court of Common Pleas of Mifflin County Domestic Relations at
No(s):  PACSES 944300358,
SPA 1361/2020

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.:  **FILED:  SEPTEMBER 16, 2021**

A.J.Y. ("Mother") appeals from the Order establishing the amount that she must pay C.H.Z. ("Father") for the support of their two twin children.  We affirm.

Mother and Father are the parents of twin children, S.M.Z. and C.E.Z. (the "Children") (born in June 2004), who are the children at issue in the instant matter.  Mother has another child, A.Y., whose father, W.Y., died in November 2015.  A.Y. is a child with special needs.  Following W.Y.'s death, the United States Social Security Administration ("SSA") awarded separate payments:  (1) a survivor's benefit payment (the "Survivor's Benefit") to Mother, as a widow caring for a deceased person's child, where the child is under age sixteen and disabled; and (2) a survivor's benefit payment to A.Y. (the "Representative Payment"), as the child of a deceased parent, where the child is under the age of eighteen and is eligible to receive Social Security

benefits. Because A.Y. is a minor, the Representative Payment is sent to Mother, who manages the Representative Payment on A.Y.'s behalf. Each monthly payment, calculated at 75% of W.Y.'s benefit amount at the time of his death, is approximately $1,633.00.

In July 2020, Father filed a Complaint for child support regarding the Children. On August 19, 2020, the trial court entered an Order of support for the Children, which included Mother's Survivor's Benefit as income attributable to Mother. In total, the trial court ordered Mother to pay Father $826.53 per month for the support of the Children. Mother filed an appeal of the income calculation and requested a hearing. Following an October 22, 2020 hearing, the trial court entered an Order denying Mother's appeal. Thereafter, Mother filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Mother raises the following issue for our review:

Whether the [trial] court abused its discretion by including [Mother]'s unrelated child's [S]ocial [S]ecurity derivative income towards the calculation of [Mother]'s income[,] when [A.Y.] is not subject to the existing support case and has a completely different [f]ather that is deceased?

Brief for Appellant at 5.

Mother argues that the trial court erred in including her Survivor's Benefit, which she receives because of her status as A.Y.'s mother, in the income calculation for the Children. *Id.* at 11-18. Mother asserts that because the Survivor's Benefit was awarded to Mother because of her status

as A.Y.'s mother, they cannot be transferred or assigned for use by the Children or Father. *Id.* at 15. Mother concedes that including the benefits would be appropriate if she had received them as the representative payee for the Children. *Id.* at 15-16. However, because she received the benefits as the mother of A.Y., Mother asserts that the Survivor's Benefit should not have been included as income for the purposes of paying child support for the care of the Children. *Id.* Mother avers that the benefit is unassignable or subject to garnishment pursuant to the Social Security Act,[1] and therefore, the trial court abused its discretion when it *de facto* assigned those benefits by including them in the income calculation. *Id.* at 16. Further, Mother indicates that she would not be receiving the Survivor's Benefit if not for A.Y., and she is required to submit annual documentation that the Representative Payment has been used for A.Y.'s care. *Id.* Finally, Mother asserts that the benefit cannot be imputed as income pursuant to section 1910.16-5, as the income is child support that she receives from her deceased husband, and not income for the support of the Children. *Id.* at 17-18.

Our standard of review regarding child support orders is well settled.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the

_____

[1] 42 U.S.C. § 301 *et seq.*

- 3 -

judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***Mencer v. Ruch***, 928 A.2d 294, 297 (Pa. Super. 2007) (quoting ***D.H. v. R.H.***, 900 A.2d 922, 927 (Pa. Super. 2006)). To the extent the issues involve interpretation and application of the Rules of Civil Procedure, which are questions of law, we employ a *de novo* standard of review and plenary scope of review. ***Hanrahan v. Bakker***, 186 A.3d 958, 966 (Pa. 2018).

Section 4302 of the Domestic Relations Code defines "income," in part, as including "Social Security benefits" or "any form of payment due to and collectible by an individual regardless of source." 23 Pa.C.S.A. § 4302. Rule 1910.16-1 of the Pennsylvania Rules of Civil Procedure introduces the state support guidelines, and, in relevant part, provides the following:

> **Rule 1910.16-1. Amount of Support. Support Guidelines**
>
> **(a) Applicability of the Support Guidelines.**
>
>> (1) … [T]he support guidelines set forth the amount of support which a spouse or parent should pay on the basis of both parties' net monthly incomes as defined in Rule 1910.16–2 and the number of persons being supported.
>>
>> * * *
>>
>> (3) The support of a spouse or child is a priority obligation so that a party is expected to meet the obligation by adjusting his or her other expenditures.
>
> **(b) Amount of Support.** The amount of support (child support, spousal support or alimony *pendente lite*) to be awarded pursuant to the procedures under Rules 1910.11 and 1910.12 shall be determined in accordance with the support guidelines, which

consist of the guidelines expressed as the child support schedule set forth in Rule 1910.16–3, the formula set forth in Rule 1910.16–4 and the operation of the guidelines as set forth in these rules.

* * *

**(d) Rebuttable Presumption.** If it has been determined that there is an obligation to pay support, there shall be a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of support to be awarded. The support guidelines are a rebuttable presumption and must be applied taking into consideration the special needs and obligations of the parties. The trier of fact must consider the factors set forth in Rule 1910.16–5. The presumption shall be rebutted if the trier of fact makes a written finding, or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate.

Pa.R.C.P. 1910.16-1(a)(1), (3), (b), (d). Rule 1910.16-2 states, in relevant part, the following:

**Rule 1910.16-2. Support Guidelines. Calculation of Monthly Net Income**

Generally, the support amount awarded is based on the parties' monthly net income.

**(a) Monthly Gross Income.** Monthly gross income is ordinarily based upon at least a six-month average of all of a party's income. The term "income" is defined by the support law, 23 Pa.C.S.A. § 4302, and includes income from any source. The statute lists many types of income including, but not limited to:

* * *

(6) Social Security disability benefits, Social Security retirement benefits, temporary and permanent disability benefits, workers' compensation and unemployment compensation;

* * *

**(b) Treatment of Public Assistance, SSI Benefits and Social Security Payments to a Child Due to a Parent's Death, Disability or Retirement.**

* * *

(ii) If a child is receiving Social Security derivative benefits due to a parent's death:

* * *

(II) If the surviving-parent obligor receives the Social Security derivative benefit, the benefit shall be added to the parent's monthly net income to calculate child support.

Pa.R.C.P. 1910.16-2(a)(6), (b)(ii)(A)(II).

In this unique case, our review reveals the following. Mother receives the Survivor's Benefit, pursuant to Title II of the Social Security Act, on the basis of her status as W.Y.'s widow, who cares for A.Y., a child with a disability who receives Social Security benefits. **See** SSA Publication Number 05-10084 (2019), *available at* https://www.ssa.gov/pubs/EN-05-10084.pdf (stating, in part, that "[a] widow or widower can get benefits at any age if they take care of [a decedent's] child younger than age 16 or disabled, who's receiving Social Security benefits."); **see also** 42 U.S.C. § 402(g) (detailing the parameters regarding benefits for a surviving spouse).[2] Mother correctly points out that she receives the Survivor's Benefit because of her role as A.Y.'s caretaker,

_____

[2] Additionally, we note that A.Y.'s SSA benefit letter for the Representative Payment states, under the subheading "Other Important Information," that "[Mother] receives Mother's Benefits as she has a minor child [A.Y.] in her care and will receives [*sic*] benefits until [A.Y.] turns age 16." A.Y. SSA Benefit Letter, 10/20/20 (some capitalization omitted).

and not because of any care or support she provides for the Children. Brief for Appellant at 15-16. However, unlike the Representative Payment received by Mother on behalf of A.Y., Mother does not need to provide an accounting demonstrating that the Survivor's Benefit was used for A.Y.'s benefit. *Compare* 20 C.F.R. § 416.640 (providing for the permitted uses for representative payments and requiring for representative payees to keep records and receipts to submit upon request). Further, the Survivor's Benefit is taxable to Mother if her income is over a certain amount. *See* 2020 Internal Revenue Service Publication 915, "Social Security and Equivalent Railroad Retirement Benefits," at 3, *available at* https://www.irs.gov/pub/irs-pdf/p915.pdf.; *see also* 26 U.S.C. § 86(d)(1)(A) (stating that monthly benefits under Title II of the Social Security Act are included, pursuant to a formula, as taxable income). Additionally, the record confirms that Mother reported the Survivor's Benefit on her 2019 tax return, even though her overall 2019 income did not rise to the level necessary to trigger taxation on the Survivor's Benefit. *See* Mother's Tax Return (2019), 2/21/20, at 1.

Finally, the record reflects that Mother received a beneficiary letter from the SSA further confirming that the Survivor's Benefit constitutes taxable income to Mother. In that letter, the SSA informed Mother that her monthly Survivor's Benefit payment is $1,633.00, minus $163.30 for voluntary federal tax withholding, for a monthly net payment of $1,469.70. *See* Mother's SSA Benefit Letter (undated and unnumbered). The letter also informs Mother that

she can use the letter as proof of her benefit amount, in part, "to apply for bank loans or for other business." *Id.*

Based upon our review of the record, we discern no abuse of discretion by the trial court when it included the Survivor's Benefit in calculating Mother's income. The Support Law specifically recognizes "social security benefits" as "income" for the purposes of calculating child support. 23 Pa.C.S.A. § 4302. While the child support guidelines do not specifically reference survivor's benefits, Rule 1910.16-2 refers to the Support Law's definition of "income," and states that the Support Law specifies "many types of income including, **but not limited to**," a list of different types of income such as wages and salaries, rents and royalties, pensions, interest income, alimony, workers and unemployment compensation, and various cash or lump sum awards. Pa.R.C.P. 1910.16-2(a) (emphasis added). While Mother correctly states that she would not receive the Survivor's Benefit but for her caring for A.Y., a child not involved in the instant support proceedings, there is no requirement that Mother use the Survivor's Benefit for A.Y.'s expenses. Further, Mother may use the Survivor's Benefit for other purposes, including applications for bank loans. *See* Mother's SSA Benefit Letter. Accordingly, the trial court properly considered the Survivor's Benefit to be included as Mother's income.

Because we conclude that the trial court did not abuse its discretion in including the Survivor's Benefit as income attributable to Mother, we cannot grant Mother relief on her sole claim.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2021

---

[3] We note that because the trial court did not deviate from the support guidelines in determining that the Survivor's Benefit was income attributable to Mother, it was not required to perform a deviation analysis pursuant to Rule 1910.16-5.