J-A21010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROBERT W. PESKIN, PESKIN REALTY COMPANY, LLC, ROBERT W. PESKIN T/A BUTLER INVESTMENT GROUP AND ROBERT W. PESKIN T/A PAD ENTERPRISES | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 288 EDA 2023 |
| JOEL M. PESKIN AND PESKIN REALTY AND CONSTRUCTION, INC. | : : : | |
| Appellants | : | |

Appeal from the Order Entered January 11, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2016-17322

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 26, 2024**

Appellants Joel M. Peskin and Peskin Realty and Construction, Inc.
(Joel), appeal from the order directing the immediate payment of outstanding
funds to Appellees Robert W. Peskin, Peskin Realty Company, LLC, Robert W.
Peskin t/a Butler Investment Group, and Robert W. Peskin t/a PAD Enterprises
(Robert).  On appeal, Joel argues that the parties' settlement agreement only
required him to provide Robert with the funds that were held in escrow, rather
than the proceeds from the two sales set forth in the parties' agreement.  We
affirm.

The underlying facts of this matter are well known to the parties.  ***See***
Findings of Fact, 1/11/23, at ¶¶1-24.  Briefly, Joel and Robert entered into a

settlement agreement in which Joel agreed to transfer proceeds from the sale of two properties to his brother, Robert. In exchange, Robert agreed to dismiss a separate 2021 legal action against Joel.[1] The sale proceeds were to be held in escrow by Stuart Lundy, Esq. (Lundy). Ultimately, the properties were sold for a total of $89,875. However, when the Lundy firm transferred the escrowed funds to Robert, $4,875 remained outstanding. **See id.** at ¶¶20-22.

Pursuant to Rule 229.1, Robert filed an affidavit to enforce the settlement agreement to obtain the outstanding funds in addition to sanctions. **See** Rule 229.1 Affidavit, 9/15/22. The trial court held a hearing on November 3, 2022 to determine whether the parties had fulfilled the terms of the agreement and if Joel had violated Rule 229.1.

Following the hearing, the trial court noted that Joel failed to attend the hearing or provide any evidence to rebut the information contained in Robert's supplemental exhibits. **See** Findings of Fact, 1/11/23, at ¶19; **see also** RR 190a (N.T., 11/3/22, at 2).[2] Further, upon consideration of Robert's

_____

[1] The action that was dismissed was filed at trial court docket 2021-05333. **See** Findings of Fact, 1/11/23, at ¶5.

[2] We note that the notes of testimony from the November 3, 2022 hearing are not included as part of the certified record, but they are included as part of Joel's reproduced record. Robert has not objected to the accuracy of these notes of testimony. Because "their veracity is not in dispute, we rely on the copy contained within the reproduced record." **See C.L. v. M.P.**, 255 A.3d 514, 518 n.3 (Pa. Super. 2021) (*en banc*); **see also Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (holding that an appellate court
*(Footnote Continued Next Page)*

supplemental exhibits, the trial court concluded that the terms of the agreement were clear. ***See*** Findings of Fact, 1/11/23, at ¶17; Conclusions of Law, 1/11/23, at ¶¶1-2. The trial court concluded that the parties' agreement was clear and unambiguous, and that because Joel failed to pay Robert the "$89,875 in sale proceeds as promised in the settlement agreement . . . Joel failed to timely and completely deliver the settlement funds per the parties August 10, 2022 settlement agreement." Findings of Fact, 1/11/23, at ¶ 24; ***see also*** Trial Ct. Order, 1/11/23. Ultimately, the trial court found that pursuant to the terms of the agreement and the supplemental exhibits, Joel had not paid Robert in full, $4,875 remained outstanding, and that Joel was responsible for the outstanding $4,875 that was not provided to Lundy. ***See*** Findings of Fact, 1/11/23, at ¶¶19-21. ***See id.*** at ¶¶19, 21, 23.

The trial court ordered Joel to pay the outstanding sum of $4,875 to Robert, imposed $100 in counsel fees, and directed Robert to provide the trial court with a demand for the outstanding interest on the money owed.[3] ***See*** Trial Ct. Order, 1//11/23; ***see also*** Conclusions of Law, 1/11/23, at ¶¶1-2.

Joel filed a timely appeal, and both Joel and the trial court complied with Pa.R.A.P. 1925.

On appeal, Joel raises the following issue:

---

can consider a document that only appears in the reproduced record when "the accuracy of the reproduction has not been disputed" (citation omitted)).

[3] The trial court further awarded $100 in counsel fees and interest pursuant to Pa.R.Civ.P. 229.1(g). ***See*** Order, 1/11/23.

> Whether the lower court erred as a matter of law and abused its discretion when it found that Joel . . . violated Pa.R.C.P. 229.1(d)(2) and (g) ("Rule 229.1") and ordered [Joel] to pay Robert[] $4,875[,] when there was nothing in the parties' settlement agreement that required [Joel] to pay this amount, or any amount of money from his own funds to [Robert].

Appellant's Brief at 5.

Joel argues that pursuant to the parties' agreement, he was only obligated to pay Robert the proceeds from the sale of the properties that were held in escrow by Lundy. Joel's Brief at 20-21. Joel contends that the settlement agreement did not provide a specific dollar amount and that he paid Robert the amount that Lundy held in escrow. *Id.* Joel also asserts that the trial court erred and abused its discretion in finding him in violation of Pa.R.C.P. 229.1 and in re-writing the parties' agreement. *See id.* at 21-23. Finally, Joel claims that Robert was aware of the amount of money held in escrow at the time of settlement, and Robert knew, or should have known, the amount in escrow. *See id.* at 23.

Robert responds that Joel breached the settlement agreement and improperly retained funds from the proceeds of the sale of two properties. Robert's Brief at 12-16. Robert argues that Joel violated Pa.R.C.P. 229.1 and failed to pay the full amount of money he owed Robert under the agreement. *See id.* at 10-14, 16. Therefore, Robert concludes that the trial court correctly concluded that Joel owed Robert the outstanding $4,875 from the property sales and requests this Court to affirm the trial court's order. *See id.* at 16.

Rule 229.1 provides, in relevant part, as follows:

(c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days from receipt of an executed release.

(d) If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to

(1) invalidate the agreement of settlement as permitted by law, or

(2) impose sanctions on the defendant as provided in subdivision (e) of this rule.

\* \* \*

(g) If the court finds that the defendant violated subdivision (c) of this rule and that there is no material dispute as to the terms of the settlement or the terms of the release, the court shall impose sanctions in the form of interest calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the interest is awarded, plus one percent, not compounded, running from the twenty-first day to the date of delivery of the settlement funds, together with reasonable attorneys' fees incurred in the preparation of the affidavit.

Pa.R.C.P. 229.1(c), (d), and (g). We note that "Rule 229.1 confers authority on trial courts to, among other things, enforce settlement agreements so long as the underlying cause of action has not been discontinued." *Camp Horne Self Storage LLC v. Lawyers Title Ins. Corp.*, 150 A.3d 999, 1002 (Pa. Super. 2016). Issues involving the interpretation and application of the Rules of Civil Procedure are questions of law. *C.H.Z. v. A.J.Y.*, 262 A.3d 604, 607 (Pa. Super. 2021). Accordingly, our standard of review is *de novo*, and our scope of review is plenary. *Id.*

Further, this Court has explained that "settlement agreements are regarded as contracts and must be considered pursuant to general rules of contract interpretation." *Friia v. Friia*, 780 A.2d 664, 668 (Pa. Super. 2001). "If a trial court erred in its application of the law, [we] will correct the error." *Id.*

When interpreting the language of a contract, the intention of the parties is a paramount consideration. In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly.

When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent. The language of a contract is unambiguous if we can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends. When terms in a contract are not defined, we must construe the words in accordance with their natural, plain, and ordinary meaning. As the parties have the right to make their own contract, we will not modify the plain meaning of the words under the guise of interpretation or give the language a construction in conflict with the accepted meaning of the language used.

On the contrary, the terms of a contract are ambiguous if the terms are reasonably or fairly susceptible of different constructions and are capable of being understood in more than one sense. Additionally, we will determine that the language is ambiguous if the language is obscure in meaning through indefiniteness of expression or has a double meaning. Where the language of the contract is ambiguous, the provision is to be construed against the drafter.

*Profit Wize Marketing v. Wiest*, 812 A.2d 1270, 1274-75 (Pa. Super. 2002) (citations omitted and formatting altered).

- 6 -

Here, the trial court concluded that the terms of the agreement were clear, and that the agreement plainly stated that "Robert agrees to dismiss the 2021 case against all defendants with prejudice on the condition that Robert receives the proceeds from the sale of the two properties that were the subject of the 2021 action." *See* Findings of Fact, 1/11/23, at ¶17; Conclusions of Law, 1/11/23, at ¶¶1-2. At the hearing, it was undisputed that the proceeds from the sale of the two properties was $89,875, and Joel did not argue or any present evidence to the contrary.[4] *See id.* at ¶¶19, 4, 23; N.T., 8/10/22, at 6. Although Joel claimed that he was only obligated to pay the amount held in escrow, the trial court found that "the fact that the proceeds were being held in escrow was of no moment to the *quid pro quo* of the agreement." *See id.* at ¶¶16-24.

The record supports the trial court's conclusion that the agreement is clear and unambiguous, and we discern no error in the trial court concluding that Joel was responsible for providing Robert with the outstanding $4,875 from the sale of the two properties. *See C.H.Z.*, 262 A.3d at 607; *Friia*, 780 A.2d at 668. Pursuant to Rule 229.1, the trial court enforced the parties' agreement and resolved the matter by directing Joel to provide the outstanding funds forthwith. *See Camp Horne*, 150 A.3d at 1002; *Friia*, 780

---

[4] Joel's counsel did not dispute the trial court's conclusion that the proceeds from the sale of the two properties totaled $89,875, but rather stated that he "assumed" $89,875 was the correct amount. *See* N.T., 8/10/22, at 6. However, Joel has not submitted any evidence that the total proceeds from the sale of the two properties was other than $89,875, and Joel did not object to Robert's evidence.

A.2d at 668; Pa.R.C.P. 229.1.  Therefore, on this record, we conclude that Joel is not entitled to relief.  Accordingly, we affirm.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/26/2024