J-A28020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHAKIA WARNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS V. FLANAGAN, III AND J.P. | : | |
| MASCARO AND SONS AND SOLID | : | |
| WASTE SERVICES, INC. D/B/A J.P. | : | No. 2686 EDA 2023 |
| MASCARO AND SONS | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHURNA MARTIN | : | |
| | : | |
| | : | |
| APPEAL OF: SOLID WASTE | : | |
| SERVICES, INC. D/B/A J.P. | : | |
| MASCARO & SONS, INC. | : | |

Appeal from the Order Entered January 13, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No:  201100503

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 12, 2025**

Appellant, Solid Waste Services, Inc., d/b/a J.P. Mascaro & Sons, Inc.,

appeals an order of the Court of Common Pleas of Philadelphia County (trial

court), entered on January 13, 2023.  In that order, the trial court (a) granted

a motion for reconsideration filed by Appellee, Churna Martin; (b) vacated an

earlier order which had had overruled Appellee's preliminary objections to

Appellant's amended joinder complaint; (c) sustained Appellee's preliminary

objections to Appellant's amended joinder complaint; and (d) dismissed Appellant's amended joinder complaint. Appellant now contends that the trial court erroneously granted reconsideration because Appellant was not given a chance to respond and that the legal authorities relied upon by Appellee in her motion are inapplicable. The trial court commendably has conceded that Appellant's first ground has merit, and to remedy that procedural error, we reverse the order on review and remand for further proceedings.

In 2018, Appellee and Shakia Warner were involved in an automobile accident. The vehicle Warner was driving collided with a commercial truck operated by Thomas V. Flanagan III. Warner filed suit, alleging in her personal injury action that Flanagan's negligence had caused her damages; she also alleged that Appellant was vicariously liable because Flanagan was its employee at the time of the accident. Appellee, a passenger in the vehicle operated by Warner, made similar allegations against Appellant and Flanagan in her own action, while also claiming that Warner, too, was negligent in causing the accident, resulting in injuries to Appellee.

Appellant and Appellee entered into a settlement agreement to resolve Appellee's claims against Appellant and Flanagan. A condition of this settlement was that Appellant and Appellee would execute a joint tortfeasor release. The release provided in part that Appellee would agree to "defend, indemnify, and save forever harmless [Appellant and Flanagan] against an[y] and all claims of loss and/or damage made by others on account of or in any manner resulting from . . . the Accident[.]" First Amended Joinder Complaint

of Appellant, 12/5/2022, at para. 15. The settlement resulted in Appellant and Flanagan being dropped from Appellee's action, leaving Warner as the sole defendant in that case; Appellant and Flanagan remained as defendants in Warner's personal injury action.

Subsequently, Appellant and Appellee disagreed as to Appellee's obligation to defend and indemnify Appellant with respect to the pending action filed by Warner. Appellant filed a joinder complaint, alleging that Appellee had breached their settlement agreement, and seeking to enforce the joint tortfeasor release by joining Appellee as a co-defendant in the Warner action. Appellant also sought to obligate Appellee to indemnify Appellant in that case. *See id*., at paras. 1-17.

Appellee filed preliminary objections in the nature of a demurrer on December 8, 2022, seeking to strike Appellant's joinder complaint. Essentially, Appellee argued that the joinder complaint should be dismissed because the indemnification provisions of the joint tortfeasor release (executed pursuant to the settlement agreement) was unenforceable as a matter of law. According to Appellee, the release would have the effect of requiring Appellee, a non-negligent party in the accident, to indemnify Appellant for its own negligence. *See* Preliminary Objections of Appellee, 12/8/2022, at paras. 12-34.

Appellant filed a response to Appellee's preliminary objections on December 28, 2022, asserting that Appellee's grounds lacked merit because no party had yet been found negligent in causing the underlying traffic

accident, the plain terms of the agreement required indemnification, and the indemnification provision could potentially be implicated by a finding that Warner was liable to Appellee, as Appellee herself had alleged. The trial court initially ruled in Appellant's favor, entering an order on January 3, 2023, which overruled Appellee's preliminary objections and directed Appellee to file an answer to Appellant's joinder complaint.

Appellee filed a motion for reconsideration on January 11, 2023, again arguing that the trial court had erred in overruling her preliminary objections in the nature of a demurrer because the joint tortfeasor release was unenforceable. It was stressed in the motion that Appellee was only a passenger in the vehicle that collided with the truck driven by Flanagan, and that since Appellee could not be found liable for negligence, her actions could not in any scenario have contributed to any other party's liability. Appellee argued further that she could not be forced to indemnify Appellant in the event that Appellant is found to be negligent. **See** Appellee's Motion for Reconsideration, 1/11/2023, at paras. 27-33.

Two days after Appellee filed her motion for reconsideration, on January 13, 2023, the motion was granted by the trial court. The earlier order entered on January 3, 2023, was vacated, and Appellee's preliminary objections to Appellant's joinder complaint were sustained, resulting in the complaint's dismissal.

Appellant timely appealed and raised several issues for our consideration. In its first claim, Appellant asserted that the trial court erred

in granting Appellee's motion for reconsideration without giving Appellant a chance to respond. Further, Appellant argued that the motion for reconsideration should have been denied because it contained no new facts or legal arguments which Appellee had not already included in her preliminary objections. Finally, Appellant argued that the legal authorities cited by Appellee in her motion for reconsideration and preliminary objections were inapplicable because Appellant was not seeking indemnification from its own negligence, as liability had not yet been established. Rather, Appellant would be entitled to indemnification from Appellee pursuant to plain terms of the settlement agreement. **See** Appellant's 1925(b) Statement of Issues, at 2-5.

In accordance with Pa.R.A.P. 1925(a), the trial court issued an opinion. With respect to Appellant's procedural claim, the trial court conceded that Appellant had not been given an opportunity to respond to Appellee's motion for reconsideration, in violation of governing procedural rules. The trial court advised that this Court should vacate its order and remand the case so that Appellant may respond to Appellee's motion. **See** Trial Court 1925(a) Opinion, 4/22/2024, at 1-2. None of Appellant's other issues were addressed. **See id**.

"To the extent the issues [on appeal] involve interpretation and application of the Rules of Civil Procedure, which are questions of law, we employ a *de novo* standard of review and plenary scope of review." **C.H.Z. v. A.J.Y.**, 262 A.3d 604, 607 (Pa. Super. 2021) (citing **Hanrahan v. Bakker**, 186 A.3d 958, 966 (Pa. 2018)). Under Pa.R.Civ.P. 208.3(a), "the court may not enter an order that grants relief to the moving party unless the motion is

presented as uncontested or the other parties to the proceeding are given an opportunity for argument."

Here, the trial court granted Appellee's motion for reconsideration two days after it was filed. It is undisputed that the motion was contested, and that Appellant was not given an "opportunity for argument" prior to the trial court's order granting Appellee's motion for reconsideration and dismissing Appellant's joinder complaint. The parties, in their respective briefs, do not object to the trial court's suggested disposition for this appeal. Accordingly, we vacate the trial court's order and remand the case for further proceedings so that Appellant may file a response to Appellee's motion for reconsideration. In doing so, we do not reach the merits of Appellant's remaining claims.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2025